## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **BEENDER OVERSEAS, LTD.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. H-06-2460** |
| | § | |
| **SPECIALTY PROCESS EQUIPMENT** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

## AMENDED ANSWER AND DEFENSES OF DEFENDANT SPECIALTY PROCESS EQUIPMENT CORPORATION TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Now into Court, through undersigned counsel, comes Defendant SPECIALTY PROCESS EQUIPMENT CORPORATION who answers and otherwise responds to Plaintiff's Complaint For Damages by specifically denying each and every allegation contained therein unless hereinafter specifically admitted below. Defendant Specialty Process Equipment Corporation files this amended original answer and defenses to Plaintiff's Complaint for Damages (the "Complaint").

## A. ANSWER

With respect to each specific allegation in the Complaint, Defendant responds as follows:

1.    Defendant denies the allegation in paragraph 1 of the Complaint that Plaintiff's damages, losses and costs are associated with Defendant's alleged breach of contract and failure to cure its alleged breach. More specifically, Defendant denies Plaintiff

suffered damages, losses and costs associated with Defendant's alleged breach of contract and failure to cure its alleged breach.

2.      Defendant admits the allegations in paragraph 2 of the Complaint.

3.      Defendant admits the allegation in paragraph 3 of the Complaint.

4.      Defendant admits the allegation in paragraph 4 of the Complaint.

5.      Defendant admits the allegation in paragraph 5 of the Complaint.

6.      Defendant admits the allegation in paragraph 6 of the Complaint.

7.      Defendant admits the allegation in paragraph 7 of the Complaint.

8.      Defendant admits the allegation in paragraph 8 of the Complaint.

9.      Defendant admits the allegation in paragraph 9 of the Complaint.

10.     Defendant denies the allegations in paragraph 10 of the Complaint for lack of knowledge or information sufficient to justify a belief therein.

11.     Defendant denies the allegations in paragraph 11 of the Complaint for lack of knowledge or information sufficient to justify a belief therein.

12.     Defendant admits the allegation in paragraph 12 of the Complaint.

13.     Defendant admits the allegations in paragraph 13 of the Complaint.  To the extent paragraph 13 of the Complaint implies that it lists all the terms, Defendant denies that paragraph 13 lists the entirety of terms as the Purchase Order included other terms not set forth on the documents attached.

14.     Defendant admits the allegations in paragraph 14 of the Complaint.

15.     Defendant admits the allegations in paragraph 15 of the Complaint.

16.     Defendant admits the allegations in paragraph 16 of the Complaint.

17.   Defendant admits the allegations in paragraph 17 of the Complaint.   However, Defendant denies that it consisted of the entire contract between the parties.

18.   Defendant admits the allegations in paragraph 18 of the Complaint.

19.   With respect to paragraph 19 of the Complaint, Defendant admits that Defendant Spec-Pro quote 05182 provided for a completion of each heater at a quotation of $229,850.00.   Defendant denies the remainder of the allegations in paragraph 19 of the Complaint.

20.   With respect to paragraph 20 of the Complaint, Defendant admits that the Purchase Order contract originally required completion of two Heaters ex-works by January 31, 2006.   However, Defendant denies that it consisted of the entire contract between the parties. Defendant denies the remainder of the allegations in paragraph 20 of the Complaint.

21.   Defendant admits the allegations in paragraph 21 of the Complaint.

22.   Defendant admits the allegations in paragraph 22 of the Complaint.

23.   Defendant denies all the allegations in paragraph 23 of the Complaint.

24.   With respect to paragraph 24 of the Complaint, Defendant admits that Plaintiff paid total payments to Defendant of $183,880.00.   Defendant denies the remainder of the allegations in paragraph 24 of the Complaint.

25.   Defendant denies all the allegations in paragraph 25 of the Complaint.

26.   With respect to paragraph 26 of the Complaint, Defendant admits that Plaintiffs sent its representatives to Defendant's shop.   Defendant denies the remainder of the allegations in paragraph 26 of the Complaint for lack of knowledge or information

sufficient to justify a belief therein.

27.   Defendant denies the allegations in paragraph 27 of the Complaint for lack of knowledge or information sufficient to justify a belief therein.

28.   With respect to paragraph 28 of the Complaint, Defendant admits that Plaintiffs requested assurances.  Defendant denies the remainder of the allegations in paragraph 28 of the Complaint.

29.   Defendant denies all the allegations in paragraph 29 of the Complaint.

30.   With respect to paragraph 30 of the Complaint, Defendant admits that Plaintiffs extended the completion date of the contract.  Defendant denies the remainder of the allegations in paragraph 30 of the Complaint.

31.   With respect to paragraph 31 of the Complaint, Defendant admits that it requested an additional $134,594 for each Heater, but agreed to completion of the Heaters at the original quoted price. Defendant denies the remainder of the allegations in paragraph 31 of the Complaint.

32.   Defendant denies all the allegations in paragraph 32 of the Complaint.

33.   Defendant denies all the allegations in paragraph 33 of the Complaint.

34.   Defendant denies the allegations in paragraph 34 of the Complaint for lack of knowledge or information sufficient to justify a belief therein.

35.   Defendant admits the allegations in paragraph 35 of the Complaint.

36.   With respect to paragraph 36 of the Complaint, Defendant admits that e-mails were exchanged with Plaintiff regarding the reimbursement of funds.  Defendant denies the remainder of the allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint for lack of knowledge or information sufficient to justify a belief therein.

38.     Defendant denies the allegations in paragraph 38 of the Complaint for lack of knowledge or information sufficient to justify a belief therein.

39.     Defendant denies the allegations in paragraph 39 of the Complaint for lack of knowledge or information sufficient to justify a belief therein.

40.     Defendant denies the allegations in paragraph 40 of the Complaint for lack of knowledge or information sufficient to justify a belief therein..

41.     Defendant denies the allegations in paragraph 41 of the Complaint for lack of knowledge or information sufficient to justify a belief therein.

42.     Defendant denies the allegations in paragraph 42 of the Complaint for lack of knowledge or information sufficient to justify a belief therein..

43.     Defendant denies the allegations in paragraph 43 of the Complaint for lack of knowledge or information sufficient to justify a belief therein.

44.     Defendant denies the allegations in paragraph 44 of the Complaint for lack of knowledge or information sufficient to justify a belief therein.

45.     In response to paragraph 45 of the Complaint, Defendant incorporates by reference its prior admissions, denials and responses to each of the specific allegations re-alleged and incorporated by reference in this paragraph of the Complaint (paragraphs 1 through 44).

46.     Defendant admits the allegations in paragraph 46 of the Complaint.

47.     Defendant admits the allegations in paragraph 47 of the Complaint.

48.     Defendant admits the allegations in paragraph 48 of the Complaint.

49.     Defendant denies all the allegations in paragraph 49 of the Complaint.

50.     Defendant denies all the allegations in paragraph 50 of the Complaint.

51.     Defendant denies all the allegations in paragraph 51 of the Complaint.

52.     Defendant denies all the allegations in paragraph 52 of the Complaint.

53.     Defendant denies all the allegations in paragraph 53 of the Complaint.

54.     Defendant denies all the allegations in paragraph 54 of the Complaint.

55.     In response to paragraph 55 of the Complaint, Defendant incorporates by reference its prior admissions, denials and responses to each of the specific allegations re-alleged and incorporated by reference in this paragraph of the Complaint (paragraphs 1 through 54).

56.     Defendant denies all the allegations in paragraph 56 of the Complaint.

57.     Defendant admits the allegations in paragraph 57 of the Complaint.   However, Defendant denies that the documents described consisted of the entire contract between the parties

58.     Defendant denies all the allegations in paragraph 58 of the Complaint.

59.     Defendant denies all the allegations in paragraph 59 of the Complaint.

60.     Defendant denies all the allegations in paragraph 60 of the Complaint.

61.     Defendant denies all the allegations in paragraph 61 of the Complaint.

62.     Defendant denies all the allegations in paragraph 62 of the Complaint.

63.     Defendant denies all the allegations in paragraph 63 of the Complaint.

64.     Defendant denies all the allegations in paragraph 64 of the Complaint.

65.    Defendant denies all the allegations in paragraph 65 of the Complaint.

66.    Defendant denies all the allegations in paragraph 66 of the Complaint.

## B.  AFFIRMATIVE DEFENSES

67.    Defendant asserts the following affirmative defenses:   anticipatory breach by the Plaintiff, fraudulent inducement to contract, mistake, impossibility of performance, unclean hands, and/or unconscionability.

68.    Plaintiff's injuries and damages, if any, were caused, in whole or in part by Plaintiff's own fault.

69.    Plaintiff's causes of action against Specialty Process Equipment Corporation are barred by the doctrine of comparative fault.   Plaintiff's alleged damages and the alleged occurrences in question were proximately caused, if at all, in whole or in part, by the acts and omissions of Plaintiff, their agents, or other persons or entities (including, but not limited to, other raw materials suppliers, manufacturers, distributors, and installers) over whom Specialty Process Equipment Corporation has no supervision, control or legal responsibility, and not by any actionable conduct of Specialty Process Equipment Corporation.

70.    Plaintiff's claims are barred, in whole or in part, from recovery to the extent they have previously released or compromised said claims.

71.    Specialty Process Equipment Corporation denies that Plaintiff was injured or harmed by any alleged act or omission of Defendant.

72.    Plaintiff's claims fail, in whole or in part, because Plaintiff failed to mitigate their damages or to protect themselves from avoidable consequences.

73.   Plaintiff's causes of action against Defendant are barred in whole or in part by the doctrines of waiver, ratification and/or estoppel.  To whatever extent the fault of Plaintiff contributed to their injuries, then Plaintiff must be assessed an appropriate percentage of fault.

## C. PRAYER

74.   For these reasons, Defendant asks the court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant all other relief the court deems appropriate.

Respectfully submitted,

By: _____
Matías J. Adrogué
State Bar No. 24012192
S.D. TX, Adm. ID 30647
Lyric Centre
440 Louisiana, Suite 715
Houston, Texas 77002
*Telephone* 713-425-7270
*Facsimile* 713-425-7271

OF COUNSEL
MATÍAS J. ADROGUÉ, P.L.L.C.

LEAD COUNSEL FOR DEFENDANT

(Additional pages to follow)

STUART N. WILSON
Federal ID No. 5626
2100 West Loop South, Suite 1125
Houston, Texas 77027
713-479-9700
713-871-9820 (facsimile)

CO-COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I certify that a copy of Amended Answer and Defenses of Defendant Specialty Process Equipment Corporation to Plaintiff's Complaint for Damages was served on Paul D. Clote, who is the attorney in charge for the Plaintiff and whose address is Four Houston Center, 1221 Lamar Street, Suite 1090 Houston, Texas 77010, 713-659-2800, by electronic filing.

Matías J. Adrogué