IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BEENDER OVERSEAS, LTD.** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | C.A. NO. H-06-2460 |
| **SPECIALTY PROCESS EQUIPMENT CORPORATION,** | § § § § | |
| **Defendant.** | § § | |

## DEFENDANT SPECIALTY PROCESS EQUIPMENT CORPORATION'S SECOND AMENDED ANSWER, DEFENDANT ZAFAR SHEIKH'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEFENDANT'S COUNTERCLAIMS

Now into Court, through undersigned counsel, comes Defendants SPECIALTY PROCESS EQUIPMENT CORPORATION and ZAFAR SHEIKH who answer and otherwise respond to Plaintiff's First Amended Compliant by specifically denying each and every allegation contained therein unless hereinafter specifically admitted below. Defendants Specialty Process Equipment Corporation and Zafar Sheihk file this Second Amended Answer and defenses to Plaintiff's First Amended Complaint.

### A. ANSWERS

With respect to each specific allegation in the Complaint, Defendants respond as follows:

1. Defendants admit the allegations in paragraph 1 of the First Amended Complaint.

2. Defendants admit the allegations in paragraph 2 of the First Amended Complaint.

3. Defendants deny the allegation in paragraph 3 of the First Amended Complaint that Plaintiff's damages, losses and costs are associated with Defendants' alleged breach of contract and failure to cure its alleged breach. More specifically, Defendants deny

Plaintiff suffered damages, losses and costs associated with Defendants' alleged breach of contract and failure to cure its alleged breach.

4. Defendants admit the allegations in paragraph 4 of the First Amended Complaint.

5. Defendants admit the allegations in paragraph 5 of the First Amended Complaint.

6. Defendants admit the allegations in paragraph 6 of the First Amended Complaint.

7. Defendants admit the allegations in paragraph 7 of the First Amended Complaint.

8. Defendants admit the allegations in paragraph 8 of the First Amended Complaint.

9. Defendants deny the allegations in paragraph 9 of the First Amended Complaint that Defendant Zafar Sheikh is a resident of the State of Texas and maintains office addresses at 5946 Ridgedale Drive, Houston, Texas 77039 and 6400 Hawes Road, Houston, Texas 77396.

10. Defendants deny the allegations in paragraph 10 of the First Amended Complaint for lack of knowledge or information sufficient to justify a belief therein.

11. Defendants deny the allegations in paragraph 11 of the First Amended Complaint for lack of knowledge or information sufficient to justify a belief therein.

12. Defendants admit the allegations in paragraph 12 of the First Amended Complaint.

13. Defendants admit the allegations in paragraph 13 of the First Amended Complaint. To the extent paragraph 13 of the First Amended Complaint implies that it lists all the terms of the contract, Defendants deny that paragraph 13 lists the entirety of the terms as the Purchase Order included other terms not set forth on the documents attached.

14. Defendants admit the allegations in paragraph 14 of the First Amended Complaint.

15. Defendants admit the allegations in paragraph 15 of the First Amended Complaint.

16. Defendants admit the allegations in paragraph 16 of the First Amended Complaint.

DEFENDANT SPECIALTY PROCESS EQUIPMENT CORPORATION'S SECOND AMENDED ANSWER, DEFENDANT ZAFAR SHEIKH'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEFENDANT'S COUNTERCLAIMS

2

17. Defendants admit the allegations in paragraph 17 of the First Amended Complaint. However, Defendants deny that it consisted of the entire contract between the parties.

18. Defendants admit the allegations in paragraph 18 of the First Amended Complaint.

19. With respect to paragraph 19 of the First Amended Complaint, Defendants admit that Defendants' Spec-Pro quote 05182 provided for a completion of each heater at a quotation of $229,850.00. Defendants deny the remainder of the allegations in paragraph 19 of the First Amended Complaint.

20. With respect to paragraph 20 of the Complaint, Defendants admit that the Purchase Order contract originally required completion of two heaters ex-works by January 31, 2006. However, Defendants deny that it consisted of the entire contract between the parties. Defendants deny the remainder of the allegations in paragraph 20 of the First Amended Complaint.

21. Defendants admit the allegations in paragraph 21 of the First Amended Complaint.

22. Defendants admit the allegations in paragraph 22 of the First Amended Complaint.

23. Defendants deny all the allegations in paragraph 23 of the First Amended Complaint.

24. With respect to paragraph 24 of the First Amended Complaint, Defendants admit that Plaintiff paid total payments to Defendant SPEC Pro of $183,880.00. Defendants deny the remainder of the allegations in paragraph 24 of the First Amended Complaint.

25. Defendants deny all the allegations in paragraph 25 of the First Amended Complaint.

26. Defendants deny all the allegations in paragraph 26 of the First Amended Complaint.

27. With respect to paragraph 27 of the First Amended Complaint, Defendants admit the Heaters were not delivered. Defendants deny all the remainder allegations in paragraph 27 of the First Amended Complaint.

28. With respect to paragraph 28 of the First Amended Complaint, Defendants admit Plaintiff extended the completion date of the contract. Defendants deny the remainder allegations in paragraph 28 of the First Amended Complaint.

29. With respect to paragraph 29 of the First Amended Complaint, Defendant SPEC Pro admits that it requested an additional $134,594 for each Heater, but agreed to the completion of the Heater at the original quoted price. Defendants deny the remainder of the allegations in paragraph 29 of the First Amended Complaint.

30. Defendants admit the allegations in paragraph 30 of the First Amended Complaint.

31. Defendants deny all the allegations in paragraph 31 of the First Amended Complaint.

32. Defendants deny all the allegations in paragraph 32 of the First Amended Complaint for lack of knowledge or information sufficient to justify a belief therein.

33. Defendants admit the allegations in paragraph 30 of the First Amended Complaint.

34. With respect to paragraph 34 of the First Amended Complaint, Defendants admit that e-mails were exchanged with Plaintiff regarding the reimbursement of funds. Defendants deny the remainder of the allegations in paragraph 34 of the First Amended Complaint.

35. Defendants deny all the allegations in paragraph 35 of the First Amended Complaint for lack of knowledge or information sufficient to justify a belief therein.

36. Defendants deny all the allegations in paragraph 36 of the First Amended Complaint for lack of knowledge or information sufficient to justify a belief therein.

37. Defendants deny all the allegations in paragraph 37 of the First Amended Complaint for lack of knowledge or information sufficient to justify a belief therein.

38. Defendants deny all the allegations in paragraph 38 of the First Amended Complaint for lack of knowledge or information sufficient to justify a belief therein.

39. Defendants deny all the allegations in paragraph 39 of the First Amended Complaint for lack of knowledge or information sufficient to justify a belief therein.

40. Defendants deny all the allegations in paragraph 40 of the First Amended Complaint for lack of knowledge or information sufficient to justify a belief therein.

41. Defendants deny all the allegations in paragraph 41 of the First Amended Complaint for lack of knowledge or information sufficient to justify a belief therein.

42. Defendants deny all the allegations in paragraph 42 of the First Amended Complaint for lack of knowledge or information sufficient to justify a belief therein.

43. Defendants deny all the allegations in paragraph 43 of the First Amended Complaint for lack of knowledge or information sufficient to justify a belief therein.

44. Defendants deny all the allegations in paragraph 44 of the First Amended Complaint.

45. Defendants deny all the allegations in paragraph 45 of the First Amended Complaint.

46. Defendants deny all the allegations in paragraph 46 of the First Amended Complaint.

47. Defendants deny all the allegations in paragraph 47 of the First Amended Complaint.

48. With regard to paragraph 48, Defendants admit that those factors that the Court may consider as proof of *alter ego*. However, Defendants deny it provides all the factors the Court may consider.

49. Defendants deny all the allegations in paragraph 49 of the First Amended Complaint.

50. In response to paragraph 50 of the First Amended Complaint, Defendant incorporates by reference its prior admissions, denials and responses to each of the specific allegations re-alleged and incorporated by reference in this paragraph of the First Amended Complaint (paragraphs 1-49).

51. Defendants admit the allegations in paragraph 51 of the First Amended Complaint.

52. Defendants admit the allegations in paragraph 52 of the First Amended Complaint.

53. Defendants admit the allegations in paragraph 53 of the First Amended Complaint.

54. Defendants deny all the allegations in paragraph 54 of the First Amended Complaint.

55. Defendants deny all the allegations in paragraph 55 of the First Amended Complaint.

56. Defendants deny all the allegations in paragraph 56 of the First Amended Complaint.

57. Defendants deny all the allegations in paragraph 57 of the First Amended Complaint.

58. Defendants deny all the allegations in paragraph 58 of the First Amended Complaint.

59. Defendants deny all the allegations in paragraph 59 of the First Amended Complaint.

60. In response to paragraph 60 of the First Amended Complaint, Defendants incorporate by reference its prior admissions, denials and responses to each of the specific allegations re-alleged and incorporated by reference in this paragraph of the First Amended Complaint (paragraphs 1-60).

61. Defendants admit the allegations in paragraph 61 of the First Amended Complaint. However, Defendant denies that the documents described consisted of the entire contract between the parties.

62. Defendants deny all the allegations in paragraph 62 of the First Amended Complaint.

63. Defendants deny all the allegations in paragraph 63 of the First Amended Complaint.

64. Defendants deny all the allegations in paragraph 64 of the First Amended Complaint.

65. Defendants deny all the allegations in paragraph 65 of the First Amended Complaint.

66. Defendants deny all the allegations in paragraph 66 of the First Amended Complaint.

67. Defendants deny all the allegations in paragraph 67 of the First Amended Complaint.

68. Defendants deny all the allegations in paragraph 68 of the First Amended Complaint.

69. Defendants deny all the allegations in paragraph 69 of the First Amended Complaint.

70. Defendants deny all the allegations in paragraph 70 of the First Amended Complaint.

71. Defendants deny all the allegations in paragraph 71 of the First Amended Complaint.

72. Defendants deny all the allegations in paragraph 72 of the First Amended Complaint.

73. Defendants deny all the allegations in paragraph 73 of the First Amended Complaint.

74. In response to paragraph 74 of the First Amended Complaint, Defendants incorporate by reference its prior admissions, denials and responses to each of the specific allegations re-alleged and incorporated by reference in this paragraph of the First Amended Complaint (paragraphs 1-73).

75. Defendants deny all the allegations in paragraph 75 of the First Amended Complaint.

76. Defendants deny all the allegations in paragraph 76 of the First Amended Complaint.

77. Defendants deny all the allegations in paragraph 77 of the First Amended Complaint.

78. Defendants deny all the allegations in paragraph 78 of the First Amended Complaint.

79. Defendants deny all the allegations in paragraph 79 of the First Amended Complaint.

80. Defendants deny all the allegations in paragraph 80 of the First Amended Complaint.

81. In response to paragraph 81 of the First Amended Complaint, Defendants incorporate by reference its prior admissions, denials and responses to each of the specific allegations re-alleged and incorporated by reference in this paragraph of the First Amended Complaint (paragraphs 1-80).

82. Defendants deny all the allegations in paragraph 82 of the First Amended Complaint.

83. Defendants deny all the allegations in paragraph 83 of the First Amended Complaint.

84. Defendants deny all the allegations in paragraph 84 of the First Amended Complaint.

85. Defendants deny all the allegations in paragraph 85 of the First Amended Complaint.

86. Defendants deny all the allegations in paragraph 86 of the First Amended Complaint.

## B. AFFIRMATIVE DEFENSES

87. Defendants assert the following affirmative defenses: anticipatory breach by the Plaintiff, fraudulent inducement, mistake, impossibility of performance and/or unconscionability.

88. Plaintiff's injuries and damages, if any, were caused, in whole or in part by Plaintiff's own fault.

89. Plaintiff's causes of action against the Defendants are barred by the doctrine of comparative fault. Plaintiff's alleged damages and the alleged occurrences in question were proximately caused, if at all, in whole or in part, by the acts and omissions of Plaintiff, their agents, or other persons or entities (including, but not limited to, other raw materials suppliers, manufacturers, distributors, and installers) over whom Specialty Process Equipment Corporation has no supervision, control or legal responsibility, and not by any actionable conduct of Specialty Process Equipment Corporation.

90. Plaintiff's claims are barred, in whole or in part, from recovery to the extent they have previously released or compromised said claims.

91. Defendants deny that Plaintiff was injured or harmed by any alleged act or omission of Defendants.

92.  Plaintiff's claims fail, in whole or in part, because Plaintiff failed to mitigate their damages or to protect themselves from avoidable consequences.

93.  Plaintiff's causes of action against the Defendants are barred in whole or in part by the doctrines of waiver, ratification and/or estoppel.  To whatever extent the fault of Plaintiff contributed to their injuries, then Plaintiff must be assessed an appropriate percentage of fault.

### C.   DEFENDANTS' COUNTERCLAIMS

94.  Plaintiff/Counter-Defendant Beender is in the business of providing equipment, supplies and services to oil and gas exploration and production industry.

95.  Defendants file these counterclaims to recover their damages, losses and costs associated with Plaintiff/Counter-Defendant Beender's breach of contract.

### BREACH OF CONTRACT
### UN Convention on Contracts for the International Sale of Goods & Breach of Contract under Texas Law

96.  Plaintiff/Counter-Defendant Beender entered into a contract with Defendant SPEC Pro to provide large line heaters (*i.e.,* equipment used to heat crude oil).  *Defendants reference additional facts set forth in Plaintiff's First Amended Complaint paragraphs 11 through 19.*

97.  During the course of the project, Plaintiff/Counter-Defendant Beender became aware that the deadline to complete the heaters would have to be modified.  Furthermore, on several occasions in January, the deadline to complete the heaters was modified.  Finally, on February 22, 2006, the deadline to complete the heaters was revised to March 28, 2006 by Plaintiff/Counter-Defendant Beender.  Defendant SPEC Pro responded to the new deadline by indicating that it will "deliver on the price quoted."  Upon receipt of this information, Plaintiff

Beender terminated the agreement. As a result of Plaintiff/Counter-Defendant Beender breach of contract, Defendants suffered damages, losses and costs.

98. All conditions precedent have been met on the part of Defendants, or have been excused, Defendants are entitled to recover all consequential, incidental and special damages proximately caused by Plaintiff/Counter-Defendant's breach.

99. Defendants are entitled to recover attorney's fees pursuant to Section 38.001 of the Texas Civil Practices & Remedies Code for the prosecution of this case through trial and on appeal. Defendants are further entitled to interest at the legal rate.

## FRAUDULENT INDUCEMENT & NEGLIGENT MISREPRESENTATION

100. Plaintiff/Counter-Defendant Beender entered into a contract with Defendant SPEC Pro to provide large line heaters (*i.e.,* equipment used to heat crude oil). *Defendants reference additional facts set forth in Plaintiff's First Amended Complaint paragraphs 11 through 19.*

101. During the course of the project, Defendants became aware that the project proposed to the them was based on fraudulent information. Additionally, Defendants became aware that Plaintiff/Counter-Defendant fraudulently induced the Defendants into the contract. Furthermore, Defendants were fraudulently induce and negligently misrepresented in the duration of the contract. Defendants justifiably relied on these misrepresentations and as a direct and proximate result, Defendants sustained damages.

## D. PRAYER

102. For these reasons, Defendants ask the court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendants all other relief the court deems appropriate. Furthermore, Defendants pray for recovery of the general and special damages (past, present and future) as allowed by law and as

DEFENDANT SPECIALTY PROCESS EQUIPMENT CORPORATION'S SECOND AMENDED ANSWER, DEFENDANT ZAFAR SHEIKH'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEFENDANT'S COUNTERCLAIMS

10

will fully and fairly compensate Defendants, plus such other damages as may be proven with more specificity at trial; recovery of Defendants' attorney's fees and court costs; interest at the legal rate and such other relief as is equitable and appropriate.

Respectfully submitted,

By: _____
Matías J. Adrogué
State Bar No. 24012192
S.D. TX, Adm. ID 30647
Lyric Centre
440 Louisiana, Suite 715
Houston, Texas 77002
*Telephone* 713-425-7270
*Facsimile* 713-425-7271

OF COUNSEL
MATÍAS J. ADROGUÉ, P.L.L.C.

LEAD COUNSEL FOR DEFENDANTS

STUART N. WILSON
Federal ID No. 5626
2100 West Loop South, Suite 1125
Houston, Texas 77027
713-479-9700
713-871-9820 (facsimile)

CO-COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a copy of DEFENDANT SPECIALTY PROCESS EQUIPMENT CORPORATION'S SECOND AMENDED ANSWER, DEFENDANT ZAFAR SHEIKH'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEFENDANT'S COUNTERCLAIMS was served on Paul D. Clote, who is the attorney in charge for the Plaintiff and whose address is Four Houston Center, 1221 Lamar Street, Suite 1090 Houston, Texas 77010, 713-659-2800, by electronic filing.

_____
Matías J. Adrogué